IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2049-H-JG

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SEYMORE BILAGODY, | ) | |
| | ) | |
| Respondent. | ) | |

This case, brought under 18 U.S.C. § 4248 ("§ 4248"), comes before the court, in part, on the government's motion (D.E. 55) for an order appointing Hy Malinek, Psy. D. ("Malinek") as a mental health examiner pursuant to 18 U.S.C. §§ 4247(b) and 4248(b) and compelling respondent to submit to and fully cooperate with a psychological examination by Malinek. Malinek is a licensed psychologist who has already prepared an evaluation of respondent for the government without interviewing him. (Malinek Rep. (D.E. 41-1) 3). The report concluded that respondent is a sexually dangerous person. (*Id.* 32). The government seeks to have Malinek examine respondent primarily because he submitted to an examination by the court-appointed, respondent-selected examiner, psychologist Roy G. Daum, Psy. D. ("Daum") (*see* Daum Rep. (D.E. 51) 1; Order (D.E. 50)) and fairness purportedly dictates that a psychologist of its choosing also have the opportunity to examine respondent. Daum's report concludes that respondent is not a sexually dangerous person. (Daum Rep. (D.E. 51) 14). Respondent filed a memorandum (D.E. 58) opposing the motion. The motion will be allowed.

Section 4248 provides that "the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed

with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4248(b). Section 4247(b), in turn, states that "[a] psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, *if the court finds it appropriate, by more than one such examiner*." 18 U.S.C. § 4247(b) (emphasis added). Section 4247(c) provides that "[a] psychiatric or psychological report ordered pursuant to this chapter shall be prepared by the examiner designated to conduct the psychiatric or psychological examination." 18 U.S.C. § 4247(c). These provisions give the court the authority to appoint Malinek as an examiner of respondent and to require his to file a report on his examination if it deems such an examination appropriate.

The court finds that appointment of Malinek, whose credentials the court has reviewed and finds satisfactory for purposes of this order (*see* D.E. 34-1), is appropriate under the circumstances presented. Allowing his to interview respondent would give his opinions a significantly more comprehensive factual basis, potentially enhancing their reliability, particularly in light of the general importance of a face-to-face interview of a person to a psychologist's evaluation of him. *United States v. Whitney*, Crim. No. 05-40005-FDS, 2006 WL3209980, at *3 (D. Mass. 26 Oct. 2006) (recognizing importance of interviews). An examination by Malinek would also give his opinions a factual foundation comparable to that of Daum's and would thereby facilitate the court's comparative analysis of their respective opinions.

Respondent contends that compelling him to submit to an examination by Malinek would violate his right to privacy and right to refuse medical treatment under the due process clause of the Fifth Amendment. But he cites to no cases recognizing these rights in the context of a § 4248 case or any materially analogous situation. *E.g., Sell v. United States*, 539 U.S. 166, 177-87 (2003)

2

(addressing forced medication of incompetent criminal defendant with anti-psychotic drugs to restore competency to stand trial); *Greenawalt v. Indiana Dept. of Corrections*, 397 F.3d 587, 592 (7th Cir. 2005) (addressing subjection of a state employee to an intrusive psychological examination seemingly unrelated to her job two years into her employment; noting that "it could . . . be argued," but expressly not deciding, that the examination is a deprivation of the right of privacy under the due process clause of the Fifth Amendment applicable to the states under the due process clause of the Fourteenth Amendment).

Respondent's invocation of the right against self-incrimination under the Fifth Amendment is also misplaced because § 4248 proceedings are civil in nature and therefore use of his compelled answers against him in this proceeding would not violate his right against self-incrimination. *See, e.g., United States v. Comstock*, 627 F.3d 513, 514, 520 (4th Cir. 2010) ("*Comstock II*") (recognizing that § 4248 "authorizes civil commitment" and that "the purpose and structure of the commitment process render it unlike any criminal prosecution"); *see also United States v. Broncheau*, 645 F.3d 676, 689 (4th Cir. 2011) (Wynn, J., concurring ) (acknowledging *Comstock II* as foreclosing argument that § 4248 is a criminal statute). Respondent's right against self-incrimination would otherwise remain intact because he "is protected against his compelled answers in any subsequent criminal case." *Allen v. Illinois*, 478 U.S. 364, 374 (1986).

This case is also before the court on respondent's motion (D.E. 61) to extend the discovery deadline until 15 November 2011 to allow time for the depositions of Malinek–assuming he was appointed by the court, which is provided for herein–and another expert for the government, M. Lela Demby, Ph.D. ("Demby"). Demby's deposition is scheduled for 7 October 2011. Respondent has shown good cause for an extension, although not for the full length requested.

3

IT IS THEREFORE ORDERED as follows:

1. The government's motion (D.E. 55) for appointment of Malinek and respondent's motion (D.E. 61) for extension of the time for discovery are ALLOWED on the terms set forth herein.

2. The court hereby APPOINTS Malinek as a mental health examiner pursuant to 18 U.S.C. §§ 4247(b) and 4248(b).

3. No later than 31 October 2011, Malinek shall conduct a psychological examination of respondent and prepare a written report on the examination containing the information prescribed by 18 U.S.C. § 4247(c), as well as a copy of his curriculum vitae.

4. Any deposition of Malinek relating to his examination of respondent shall be conducted no later than 7 November 2011.

5. Respondent shall fully cooperate with the examination by Malinek.

6. The Department of Justice shall be responsible for payment of the costs of the examination by Malinek, his report, and his provision of testimony at any deposition or the commitment hearing.

7. No other expert shall conduct a mental health examination of respondent without prior court approval.

8. The deposition of Demby shall be held no later than 7 October 2011.

9. Except as provided herein, the discovery period shall close, as presently scheduled, on 3 October 2011.

10. The parties shall file a joint proposed prehearing order or separate proposed prehearing orders by 31 October 2011. To the extent that subsequent developments require updating

4

Case 5:07-hc-02049-H -JG   Document 64   Filed 09/30/11   Page 4 of 5

of the proposed order or orders, they shall file a revised proposed prehearing order or orders by 14 November 2011.

11.  This case remains calendared for a commitment hearing at the session of court beginning 28 November 2011, pursuant to the final notice for that session (D.E. 62).

SO ORDERED, this 30th day of September 2011.

/s/ James E. Gates
James E. Gates
United States Magistrate Judge

5

Case 5:07-hc-02049-H -JG   Document 64   Filed 09/30/11   Page 5 of 5